UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LINDA RIMES DONADO | CIVIL ACTION NO. 6:13-cv-02367 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| SHAUN DONOVAN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT | MAGISTRATE JUDGE HANNA |

## **REPORT AND RECOMMENDATION**

Currently pending are two motions to dismiss (Rec. Docs. 59 and 61), which were filed by the defendants in this lawsuit. Ruling on the motions was delayed in order to allow the parties an opportunity to attempt to settle their dispute. This Court was under the impression that a settlement had been reached among all parties and that ruling on the motions would be unnecessary. This Court was also advised about outside interference with the settlement by an additional attorney for the plaintiff. For those reasons, this Court permitted the plaintiff's former counsel to withdraw. (Rec. Doc. 71). Thereafter, however, new counsel did not enroll for the plaintiff. This Court then issued an order (Rec. Doc. 72) requiring that the plaintiff in this lawsuit, Linda Rimes Donado, contact chambers not later than April 10, 2018 by telephone or e-mail and advise whether she would be retaining new counsel or proceeding with this lawsuit without the assistance of counsel. The order explained that, should the

plaintiff fail to contact chambers as ordered, Ms. Donado would be required to appear in court on April 19, 2018 and show cause why her suit should not be dismissed for failure to prosecute. The record reflects that the order was served on Ms. Donado. However, Ms. Donado did not contact chambers by telephone or by e-mail and she did not appear in court on April 19, 2018.

"Rule 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order."[1] This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.[2] A Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and the court finds that lesser sanctions would not suffice.[3] Generally, the court must find one or more of the following aggravating factors: (1) delay attributable to the plaintiff, not to her attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct.[4]

---

[1]  *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). See, also, e.g., *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam).

[2]  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

[3]  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

[4]  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d at 1191.

This Court was under the impression that a settlement had been reached long ago and that the parties had agreed to amicably resolve their dispute. Then this Court was advised that the effectuation of the settlement was being postponed and interfered with by new counsel for the plaintiff. Thereafter, however, the new counsel did not enroll in the case, and the plaintiff personally failed to comply with orders issued by this Court and served on her. Based on the totality of the circumstances, this Court concludes that the plaintiff is solely responsible for the delay in the resolution of this case and for failing to comply with this Court's orders.

Accordingly, this Court recommends that the plaintiff's suit be dismissed with prejudice for failure to comply with a court order and failure to prosecute her claim, pursuant to Fed. R. Civ. P. 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on April 19, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE